UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| N.A. P.P.,<br><br>*Petitioner,*<br><br>-v-<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*; JUDITH ALMODOVAR, *in her official Capacity as Acting Field Office Director, New York City Field Office, U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *in his official capacity as Acting Attorney General, U.S. Department of Justice*; and RAUL MALDONADO, JR., *in his official capacity as the Metropolitan Detention Center Warden*;<br><br>Respondents. | 26-CV-3387 (NRM)<br>**MEMORANDUM & ORDER** |

**NINA R. MORRISON**, United States District Judge:

Petitioner N.A. P.P. filed a petition for writ of habeas corpus on June 5, 2026 seeking his release from Immigration and Customs Enforcement ("ICE") custody. *See generally* Pet., ECF No. 1. This Court granted the petition on June 10, 2026, ECF No. 10, and Respondents confirmed that Petitioner was released that same day, ECF No. 11. Presently before the Court is Petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot., ECF No. 12; Resp. in Opp'n, ECF No. 15; Reply in Supp., ECF No. 16. For the reasons outlined below, Petitioner's motion is GRANTED.

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in . . . proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To establish entitlement to EAJA fees, a party must (1) timely file their fee motion pursuant to 28 U.S.C. § 2412(d)(1)(B); (2) show that they were the prevailing party and eligible to receive an award; (3) set forth an itemized statement of actual time expended and the hourly rate at which fees were computed; and (4) allege that the position of the United States was not substantially justified and that no special circumstances exist that make an award unjust. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014). "Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn,* 169 F.3d 785, 786 (2d Cir. 1999). Additionally, the fees awarded under the EAJA must be "reasonable." 28 U.S.C. § 2412(d)(2)(A); *see also Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) ("The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))).

Respondents assert that Petitioner is not entitled to an EAJA fees award because Respondents' position in this litigation was substantially justified.[1] Opp'n

---

[1] Respondents do not contend that the instant motion is untimely under the EAJA or that Petitioner was not the prevailing party.

at 10.[2] However, this Court recently rejected this contention in a substantially identical case that also concerned the applicability of 8 U.S.C. § 1225 to an ICE detainee. *Merlo Puerto v. Leeper*, No. 26-CV-405 (NRM), 834 F. Supp. 3d 337 (E.D.N.Y. June 4, 2026). In *Merlo Puerto*, the Court "ha[d] no difficulty finding that Respondents [] failed to establish that their position was substantially justified, and thus, Petitioner's counsel [was] entitled to a fee award under the EAJA." *Id.* at 344. *See also Pliego v. Noem*, 835 F. Supp. 3d 374, 377 (E.D.N.Y. June 16, 2026) (applying *Merlo Puerto* to grant EAJA fees). Because of the similar posture between *Merlo Puerto* and the instant case, the Court here adheres to and incorporates by reference its analysis of the EAJA's "substantially justified" requirement. *Id.* at 343–45. And, as it did in *Merlo Puerto*, the Court finds that Respondents' position was not substantially justified at the time the underlying petition was litigated. Accordingly, Petitioner is entitled to a fees award under the EAJA.

The Court must also evaluate whether Petitioner's requested fees are reasonable.[3] Respondents do not challenge Petitioner's requested hourly rate or amount of hours worked. Nevertheless, counsel seeking fees under the EAJA "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. Petitioner asserts that an hourly rate of $270.66 is reasonable. Mem. at 11, ECF No. 12-1. Petitioner seeks compensation for 10.94 hours of work, per his counsel's contemporaneous

---

[2] Citations to the record use ECF pagination unless otherwise noted.

billing records. *See* ECF No. 12-4. This amounts to a total of $2,961.02 in requested fees, plus an additional $5.00 to recoup the cost of filing his habeas petition, amounting to $2,966.02. Mem. at 11–12. As Petitioner notes, the hourly rate here is equivalent to the statutory rate of $125 for cases commenced on or after March 29, 1996, adjusted for inflation based on the Consumer Price Index as of December 2025. *Id.* at 10–11; *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (endorsing the use of the Consumer Price Index for calculating cost-of-living inflation for the statutory rate under § 2412). Moreover, this Court has recently granted a fees motion in a similar case, in which the petitioner's counsel requested a nearly identical hourly rate, but for 100 hours of work. *See Pliego*, 835 F. Supp. 3d at 377. Here, by contrast, Petitioner's counsel spent approximately eleven hours preparing a time-sensitive habeas Petition, which succeeded in securing Petitioner's release. The Court therefore has no trouble finding that the full amount of the requested fees here is reasonable.

For all the foregoing reasons, the Court finds that 10.94 hours of legal work, at a rate of $270.66 per hour, was reasonable in this case. Accordingly, Petitioner's motion for EAJA fees is GRANTED, and the Court awards Petitioner $2,966.02 in fees under the EAJA, 28 U.S.C. § 2412.

**SO ORDERED.**

Dated: November 23, 2026
Brooklyn, New York

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge